UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RAFAEL SANCHEZ,**

        **Plaintiff,**

v.                                             **Case No: 6:22-cv-11-CEM-DCI**

**FARAH CRUZ, CITY OF ST. CLOUD**
**and MARISOL LEON,**

        **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Defendant City of St. Cloud's Motion to Compel (Doc. 40)
>
> **FILED:** January 9, 2023
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff, proceeding *pro se*, initiated this action against Defendants City of St. Cloud, Marisol Leon, and Farah Cruz. Doc. 1, 16.[1] Pending before the Court is Defendant City of St. Cloud's Motion to Compel Plaintiff to serve responses and responsive documents to Defendant's First Request for Production and verified answers to Defendant's First Set of Interrogatories. Doc.

---

[1] By Order dated January 23, 2023, the Court granted Defendant Cruz's Motion to Dismiss and directed the Clerk to terminate Farah Cruz as a Defendant in this matter. Doc. 42. The Court also granted Defendants Leon and City of St. Cloud's Motions to Dismiss in part with respect to Plaintiff's defamation, malicious prosecution, and § 1983 claims and allowed Plaintiff an opportunity to file a Fourth Amended Complaint to cure deficiencies. *Id*. at 16. The Fourth Amended Complaint is not yet due.

40 (the Motion). Defendant states that Plaintiff has not served any responses or answers and, therefore, Plaintiff has waived any possible objection to the requests. *Id*. at 2. Defendant also moves for all reasonable expenses, including attorney fees incurred in making the Motion. *Id*.

The Motion includes a certification under Local Rule 3.01(g) that Defendant's counsel attempted to confer in good faith to resolve the dispute, but Plaintiff was not available. *Id*. On January 12, 2023, Defendant filed a notice pursuant to Local Rule 3.01(g) and advised the Court that Defendant's counsel and Plaintiff conferred but did not resolve the issues. Doc. 41. On January 23, 2023, Defendant filed another notice and stated that on January 20, 2023, Plaintiff served responses to the discovery requests but "many of Plaintiff's responses to the City's requests to produce (requests 1-3, 5-16, 20-24, 26-35, 38-39) are incomplete, evasive, or both." *Id*. at 1. Defendant also stated that "many of Plaintiff's interrogatory answers (interrogatories 1, 2, 5, 6, 7, 10, 12, 16) are incomplete, evasive, or both." *Id*. As such, Defendant stated that it "maintains its prior request that the Court order Plaintiff to respond to the discovery requests and award reasonable expenses and fees incurred in making the motion to compel." *Id*. at 2. On or about January 20, 2023, Plaintiff filed with the Court responses to Defendant's First Set of Interrogatories and Request to Produce Materials. Docs. 44, 45. Defendant has not filed a response to the Motion and the time for doing so has elapsed.

While the Court generally grants motions as unopposed pursuant to 3.01(c), it is not clear to the Court what remains of the dispute based on Defendant's January 23, 2023 notice. *See* Doc. 43. Defendant originally argued that the Court should compel responses because objections are waived, but now contends that a number of responses are incomplete and evasive. Docs. 40, 43. A blanket assertion regarding a group of responses does not assist the Court in ruling on the merits of Defendant's request for relief. Clarification on which responses Defendant finds problematic

and the nature of the issue is especially important since the Motion was filed before the Court ruled on the Motions to Dismiss and permitted the filing of an amended pleading. Further, it appears that the parties have continued to address the outstanding discovery dispute and the Court finds that additional conferral may resolve or narrow the issue without Court intervention.

Accordingly, it is **ORDERED** that:

1. Defendant's Motion (Doc. 40) is **DENIED without prejudice** including the request for attorney fees and expenses in making the Motion. If Defendant files a request to compel Plaintiff to amend the responses to the discovery requests, then Defendant must confer with Plaintiff pursuant to 3.01(g) before filing the motion; and

2. The Clerk is directed to **STRIKE** Plaintiff's discovery responses. Docs. 44, 45. *See* Case Management Scheduling Order (Doc. 32 at 2) ("The parties shall not file on the docket discovery materials, including copies of written interrogatories, notices of taking depositions, or requests for production or admissions, except as necessary to the presentation and consideration of a motion.").

**ORDERED** in Orlando, Florida on January 26, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties