UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RAFAEL SANCHEZ,**

        **Plaintiff,**

v.                                                  Case No: 6:22-cv-11-CEM-DCI

**CITY OF ST. CLOUD and MARISOL LEON,**

        **Defendants.**

_____

**ORDER**

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| MOTION: | **Defendant City of St. Cloud's Motion for Sanctions (Doc. 57)** |
| FILED: | **May 17, 2023** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part** and **DENIED in part**.

Rafael Sanchez (Plaintiff) initiated this case against Defendants City of St. Cloud (the City) and Marisol Leon (Leon) (collectively the Defendants) pursuant to 42 U.S.C. § 1983. Pending before the Court is the City's Motion for Sanctions. Doc. 57 (the Motion). On April 6, 2023, the undersigned granted in part the City's Motion to Compel Better Responses and Motion to Compel Verified Answers. The undersigned directed Plaintiff to serve better responses, responsive documents, and verified answers but denied the City's request for reasonable expenses. Doc. 54.

The City now contends that sanctions are appropriate for several reasons. The City asserts that all Plaintiff's answers to the interrogatories are unverified, that Plaintiff's objection as to

Interrogatory No. 2 of the First Set of Interrogatories is waived and Plaintiff failed to state a basis for the objection, and that Plaintiff's answer to Interrogatory No. 10 is incomplete and evasive. Doc. 57 at 2. Also, the City argues that Plaintiff asserted untimely non-specific objections to Requests to Produce Nos. 1, 7-10, 16, 20, 26-27, 30, 31, and 38, and Plaintiff failed to state whether any responsive documents are withheld pursuant to the objections. *Id*. The City asserts that Plaintiff's response to Request Nos. 14 and 15 is untimely and improper. *Id*. Finally, the City states that Plaintiff "vaguely referenced a document he reviewed but failed to produce the document" as to Request No. 21. *Id*. at 3. Accordingly, the City seeks sanctions, fees, and expenses pursuant to Rule 37(b)(2)(A) and (C). Doc. 57 at 3.

Plaintiff did not file a timely response to the Motion. So, on June 13, 2023, the undersigned entered an Order to Show Cause and, therein, directed Plaintiff to show cause why this case should not be dismissed for failure to prosecute. Doc. 60. Plaintiff failed to file a timely response to that Order to Show Cause. So, on June 28, 2023, the undersigned entered a Report recommending that the Court dismiss the case for lack of prosecution. Doc. 62. Plaintiff failed to timely object to that Report and Recommendation, which remains pending.

Nonetheless, Plaintiff continues to participate in this case in fits and starts. The day after the Report was issued, Plaintiff mailed a response to the Order to Show Cause. In that response, Plaintiff asserts generally that he has participated in discovery, but he does not deny—or even address—the contention that he failed to comply with the Court's Order, nor does he specifically address the dismissal of the case as a sanction or for a failure to prosecute. *See* Doc. 63. So, even if it was timely, the response is insufficient to result in the undersigned discharging the Order to Show Cause.

Yet, on September 15, 2023, Plaintiff sat for a deposition, though he allegedly refused to answer many questions. *See* Doc. 66. Then, on September 25, 2023, it appears that Plaintiff participated in mediation, though that mediation resulted in impasse. Doc. 65. And in late September 2023, it appears that Plaintiff responded to a request for conferral pursuant to Local Rule 3.01(g). Doc. 67.

As noted in the Order to Show Cause, "While Plaintiff has participated in the litigation in some regard, overall, it appears that Plaintiff has failed to prosecute this case." Doc. 60 at 2. Plaintiff failed to timely—or sufficiently—respond to that Order to Show Cause and failed to object to the Report recommending dismissal of this case for failure to respond to that Order to Show Cause. And as to the underlying Motion, Plaintiff has still failed to provide a response to the City's request for sanction under Rule 37(b)(2)(A), let alone establish that Plaintiff has complied with the underlying discovery order that led to the Motion. Instead, two weeks before the close of discovery, Plaintiff filed amended mandatory initial disclosures on the docket. Doc. 64. Not only is the timing of those disclosures problematic, but the Court has also already admonished Plaintiff for filing discovery on the docket of this case. *See* Doc. 46.

In sum, Plaintiff may not participate in this case as he pleases, he must do so in compliance with the rules and orders of this Court. Critically, as to the underlying Motion, he must comply with the Court's discovery orders and the rules concerning discovery. He may not pick and choose the orders with which he complies.

Turning back to the Motion, the City's simple assertions in the four-page Motion remain unopposed: Plaintiff failed to comply with the Court's April 6, 2023 Order compelling discovery.[1]

---

[1] It is also important to note that Plaintiff failed to respond both to the motion to compel that resulted in the discovery order (*see* Doc. 54) and to another motion to compel that resulted in another discovery order on April 24, 2023 (*see* Doc. 56).

Doc. 57. As a result, the City "requests that the Court enter an order imposing all appropriate sanctions against Plaintiff pursuant to Rule 37(b)(2)(A) [and] awarding the City its reasonable expenses, including attorney's fees, pursuant to Rule 37(b)(2)(C)." Doc. 57 at 3.

Rule 37(b)(2)(A) contains the following potential sanctions:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

That said, the City does not explicitly request any particular sanction. *See* Doc. 57. Looking at the remedies available to the Court, it does not appear that the record or posture of this case supports the sanctions set forth in subsections (i), (ii), (iii), or (vi). On the other hand, the record may support the Court staying further proceedings until the discovery order is obeyed,[2] dismissing this action in whole or in part, or treating Plaintiff's failure to comply with the discovery order as contempt. *See* Fed. R. Civ. P. 37(b)(2)(A)(iv), (v), and (vii).

But without further briefing, the exact nature of any sanction is unstated and unsupported. And, for example, dismissal as a sanction under Rule 37 is "appropriate only as a last resort, when

---

[2] The undersigned notes that the City has requested an extension of time to file a motion to compel. *See* Doc. 66.

less drastic sanctions would ensure compliance with the court's orders." *Clark v. Keen*, 2009 WL 179674, at *4 (M.D. Fla. Jan. 23, 2009) (quoting *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993)). Also, given the range of possible discovery sanctions and Plaintiff's pro se status, the undersigned finds that if the City is, in fact, requesting the Rule 37 sanction of dismissal, then Plaintiff should explicitly have notice of that request.

So, the undersigned finds that the Motion is due to be granted in part. The request for sanctions is unopposed and, on this record, a sanction is appropriate because Plaintiff failed to comply with the discovery order. But the undersigned requires additional briefing prior to a final determination or recommendation concerning the nature of the sanction.

As to attorney fees, the Rule requires that:

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C). Here, given Plaintiff's failure to respond—either to the City's motion or the Court's orders—the undersigned does not find that Plaintiff's "failure was substantially justified or other circumstances make an award of expenses unjust." *Id*. Accordingly, the Court "***must*** order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure." *Id*. (emphasis added).

Based on the foregoing, it is **ORDERED** that the Motion (Doc. 57) is:

1. **GRANTED in part**, such that:

    a. The undersigned finds that sanctions are warranted pursuant to Fed. R. Civ. P. 37(b)(2)(A) due to Plaintiff's failure to comply with the Court's April 6, 2023 Order (Doc. 54); and

    b. Further briefing is necessary to determine the nature of the sanction, such that the City may file a motion to determine the nature of the discovery sanction pursuant to Fed. R. Civ. P. 37(b)(2)(A), but must file any such motion by November 17, 2023 (Local Rule 3.01, not the Standing Order on Discovery Motions, shall govern the filing of the motion and the response to the motion);

    c. Plaintiff must pay to the City the reasonable expenses, including attorney fees, caused by Plaintiff's failure to comply with the Court's April 6, 2023 Order (Doc. 54), which expenses shall be limited to the amounts associated with the Motion (Doc. 57). The parties must confer as to the amount of the fee. If they cannot agree on the amount of the fee, the City may file a motion to quantify, but must file any such motion by November 17, 2023; and

2. **DENIED** in all other respects.

**ORDERED** in Orlando, Florida on October 16, 2023.

*[signature]*

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties